UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05–cv–01295–EWN–PAC

DOMINION VIDEO SATELLITE, INC.,

    Plaintiff,

v.

ECHOSTAR SATELLITE L.L.C.,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Having considered *Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction In Aid of Arbitration and Request for Emergency Hearing*, the Court hereby finds that, pursuant to Fed. R. Civ. P. 65(d), the motion should be granted, in part, and Defendant EchoStar Satellite L.L.C. ("EchoStar") should continue to perform its obligations under the Parties' Agreement until the motion for a preliminary injunction can be heard.

Dominion has demonstrated that unless temporary relief preserving the status quo is entered, there is a substantial and immediate risk that EchoStar will terminate the Parties' Agreement, a complex satellite transponder leasing and programming contract. Dominion depends on the Agreement to provide an outlet for broadcast of its Direct Broadcast Satellite ("DBS") programming network, known as Sky Angel. Without the broadcast outlet provided by the Agreement, Dominion's customers' screens will go dark, and the company will go out of business. Even if

Dominion were able to resume operations thereafter, its reputation and goodwill with current and potential customers as a reliable service provider would be seriously impaired. This grave threat to Dominion's existence constitutes irreparable harm justifying temporary injunctive relief.

In addition, Dominion has shown that the harm that will result if no injunction is entered far outweighs any inconvenience to EchoStar of having to continue its longstanding contractual performance while the Parties arbitrate their disputes. Dominion has also shown that an injunction is in the public interest, which favors binding arbitration, and that there are issues going to the merits substantial and serious enough to warrant an injunction preserving the status quo pending arbitration.

Finally, the Court finds that this temporary restraining order should be entered without bond. EchoStar has not demonstrated that an order requiring its continued contract performance pending arbitration will cause it injury, and the parties stipulated that to enforce their respective rights under the Agreement, each party may seek "a preliminary or permanent injunction (without the necessity of posting or filing a bond or other security)." (Agreement., § 12.3.1.) Accordingly, it is

**ORDERED** as follows:

1. The Court GRANTS the motion for temporary restraining order and ORDERS that EchoStar continue to perform its obligations under the Parties' Agreement pending a hearing on the motion for preliminary injunction.

2. The hearing on the motion for preliminary injunction will commence at 9:30 o'clock a.m. on Thursday, **July 21, 2005**, and continue for no more than three hours.

3. This temporary restraining order shall expire on July 25, 2005.

Dated this  13  day of July, 2005.

                    BY THE COURT:

                    s/Edward W. Nottingham
                    EDWARD W. NOTTINGHAM
                    United States District Judge